JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

|  |  |
|---|---|
| IRVINE PROMENADE APTS IV LLC,<br><br>Plaintiff,<br><br>v.<br><br>SKYLER GIST and DOES 1–5,<br><br>Defendants. | Case No.: SACV 24-00243-CJC (ADSx)<br><br>ORDER GRANTING MOTION TO REMAND CASE [Dkt. 7], DENYING AS MOOT *EX PARTE* APPLICATION FOR ORDER SHORTENING TIME [Dkt. 8], AND DENYING AS MOOT REQUEST TO PROCEED *IN FORMA PAUPERIS* [Dkt. 2] |

## I.   INTRODUCTION & BACKGROUND

In September 2023, Plaintiff Irvine Promenade Apts IV LLC filed this unlawful detainer action for nonpayment of rent in Orange County Superior Court against lessee-Defendant Skyler Gist. (*See* Dkt. 7-1 at 1.) A month later, Neville Zepeda, Celine Zepeda, and Penelope Hill each filed prejudgment claims of right to possession, adding

-1-

themselves as defendants in the case. (*Id.*) In January 2024, acting *pro se*, Neville Zepeda filed a Notice of Removal, purporting to remove the case on the basis of federal diversity jurisdiction under 28 U.S.C. § 1332. (*Id.* at 2; Dkt. 7-7 at 3.) The district court remanded the case shortly thereafter, explaining there was no basis for federal jurisdiction. (Dkt. 7-8 at 2.) Specifically, the court stated that because the underlying complaint only alleges a claim for unlawful detainer under state law for failure to pay rent there is no federal question jurisdiction, and because there is no citizenship diversity, nor does the complaint allege an amount in controversy sufficient to meet the statutory threshold of $75,000, there is no diversity jurisdiction. (*Id.*)

Eleven days after this case was remanded to state court, Penelope Hill, acting *pro se*, again removed the case on the basis of federal diversity jurisdiction under 28 U.S.C. § 1332. (*See* Dkt. 1 [Notice of Removal, hereinafter "Notice"] ¶ 5.) Hill also filed a request to proceed *in forma pauperis*. (Dkt. 3.) Plaintiff filed a motion to remand and an *ex parte* application for swifter consideration of that motion. (*See* Dkt. 7 [Mot. to Remand, hereinafter "Mot."]; Dkt. 8 [*Ex Parte* Appl.].) For the following reasons, Plaintiff's motion to remand is **GRANTED**, Plaintiff's *ex parte* application for an order shortening time is **DENIED AS MOOT,** and Hill's request to proceed *in forma pauperis* is **DENIED AS MOOT.**[1]

II.   **LEGAL STANDARD**

A defendant may remove a civil action filed in state court to a federal district court if the federal court may exercise original jurisdiction over the action. 28 U.S.C. § 1441(b). A federal court can assert subject matter jurisdiction over cases that involve

---

[1] Having read and considered the papers, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for March 25, 2024, at is hereby vacated and removed from the calendar.

questions arising under federal law. 28 U.S.C. § 1331. Additionally, federal district courts have diversity jurisdiction over suits when over $75,000 is in controversy and the citizenship of each plaintiff is different from that of each defendant. *See* 28 U.S.C. § 1332(a). Principles of federalism and judicial economy require courts to "scrupulously confine their [removal] jurisdiction to the precise limits which [Congress] has defined." *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). Indeed, "[n]othing is to be more jealously guarded by a court than its jurisdiction." *See United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal quotations omitted). The defendant removing the action to federal court bears the burden of establishing that the district court has subject matter jurisdiction over the action, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

## III.  DISCUSSION

Hill's removal was obviously improper here. For one, Hill provides no indication that the other defendants joined in removal. Without the consent of all defendants who have been properly joined and served, the action must be remanded. *See Force v. Advanced Structural Techs., Inc.*, 2020 WL 4539026, at *3 (C.D. Cal. Aug. 6, 2020) ("[A]ll properly named and served defendants must join a removal petition for the petition to be valid.").

Even if Hill had removed with the other defendants' consent, removal would still be improper because—as a federal district court has already explained in this exact case—this Court does not have subject matter jurisdiction over this case. Plaintiff's Complaint, which states a single claim for unlawful detainer under California law, does not raise a federal question. (Dkt. 7-3 Ex. A [State Court Complaint].) Diversity

jurisdiction is also lacking. Hill and Plaintiff are both citizens of California, and the Complaint demands less than $25,000 in damages. (*Id.*) Therefore, there is neither complete diversity nor satisfaction of the amount-in-controversy requirement, as required for this Court to have diversity jurisdiction over a case. *See* 28 U.S.C. § 1332; (*see* Dkts. 7-3, 7-4.)

It appears Hill may assert that this is a proper civil rights removal, as she contends that she "will not be able to receive a fair hearing or trial in the state Superior Court for Orange County in that she will be denied due process because the Superior Court for Orange County will ignore any evidence if there is a trustee's deed upon sell, whether valid or invalid, denying defendant an opportunity to be heard." (Notice ¶ 11.) 28 U.S.C. § 1443(1) provides that a defendant may remove a civil action commenced in state court if she "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States[.]" The Supreme Court has established a two-prong test to determine whether removal is proper under § 1443(1). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality,'" rather than a constitutional or statutory provision of general applicability or pursuant to a statute that does not protect specifically against racial discrimination. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (citation omitted). "Second, it must appear . . . that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State.'" *Id.* This "normally requires that the 'denial be manifest in a formal expression of state law,' such as a state legislative or constitutional provision, 'rather than a denial first made manifest in the trial of the case.'" *Id.* (citations omitted). Hill has failed to demonstrate this action falls within the ambit of Section 1443(1). Her contention that she "will not be able to receive a fair hearing or trial" in state court, (Notice ¶ 11), fails to identify a "federal law 'providing for specific civil rights stated in terms of racial equality,'" rather than a law of general

applicability, *id.*, or "a California statute or constitutional provision that purports to command the state court to ignore [her] federal civil rights," *Wong v. Kracksmith, Inc.*, 764 F. App'x 583, 584 (9th Cir. 2019) (mem.).

Finally, Hill's removal was untimely. A defendant must remove a civil case within thirty days of being served. 28 U.S.C. § 1446(b)(1). Hill states that she was served with the summons and complaint on September 25, 2023, but she did not remove until February 5, 2024.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is **GRANTED**, and this action is hereby **REMANDED** to Orange County Superior Court. Plaintiff's *ex parte* application for an order shortening time is **DENIED AS MOOT**. Hill's request to proceed *in forma pauperis* is also **DENIED AS MOOT.**

The Court is troubled by the fact that this case has now been removed twice. The Court admonishes Defendants that all filings in federal court are subject to Federal Rule of Civil Procedure 11, which forbids presenting filings "for any improper purpose, such as to . . . cause unnecessary delay" and authorizes sanctions for violations. If Defendants or anyone acting on their behalf attempts to improperly remove this case again, the Court may be forced to impose appropriate monetary sanctions against them.

DATED:     March 1, 2024

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE